SEYFARTH SHAW LLP
William J. Dritsas (SBN 97523)
wdritsas@seyfarth.com
Eric E. Hill (SBN 173247)
ehill@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, CA  94105-2930
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
TGF MANAGEMENT GROUP HOLDCO, INC.,
TOLL GLOBAL FORWARDING (USA) INC.,
and INSPERITY PEO SERVICES, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CARLOS MARQUEZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOLL GLOBAL FORWARDING (USA) INC., a corporation; TGF MANAGEMENT GROUP HOLDCO, INC., a corporation; INSPERITY EXPENSE MANAGEMENT, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-03054 ODW (ASx)<br><br>CLASS ACTION<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Date:   June 25, 2018<br>Time:   1:30 p.m.<br>Dept:   Courtroom 5D, 5th Floor<br>Judge:  Hon. Otis D. Wright, II |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................. 1

II. PLAINTIFF'S OPPOSITION FAILS TO CREDIBLY CHALLENGE THE APPLICATION OF THE SECTION 512(E) MEAL PERIOD EXEMPTION, AND CONCEDES THAT THE SECTION 514 OVERTIME EXEMPTION APPLIES .................................................................................. 1

    A. Plaintiff's Only Argument on the Section 512 (e) Exemption, That the CBA Does Not "Expressly Provide for Meal Periods," Is Illogical and Must Be Rejected ................................................................................. 1

    B. Plaintiff Concedes That the Section 514 Overtime Exemption Applies, and His Citation to Vasserman Only Confirms That Dismissal Is Appropriate ................................................................................................ 4

III. PLAINTIFF DOES NOT DISPUTE THAT HIS MEAL AND REST BREAK CLAIMS ARE "SUBSTANTIALLY DEPENDENT" ON INTERPRETATION OF THE CBA UNDER THE SECOND BURNSIDE PRONG ................................................................................................................ 6

IV. PLAINTIFFS' ARGUMENT THAT OVERTIME AND MEAL BREAK RIGHTS ARE NON-NEGOTIABLE IGNORES THE APPLICABLE §§ 512 (E) AND 514 EXEMPTIONS AND CONTROLLING LEGAL AUTHORITY, AND DOES NOT ANSWER THE PREEMPTION ISSUE ........... 8

V. PLAINTIFF'S ARGUMENT THAT OVERTIME CLAIMS ARE PREEMPTED BY SECTION 301 BECAUSE THERE IS NO DISPUTE REGARDING THE CBA LACK MERIT .......................................................... 10

VI. PLAINTIFF DOES NOT DISPUTE THAT IF HIS UNDERLYING CLAIMS ARE DISMISSED, THEN HIS DERIVATIVE CLAIMS MUST BE DISMISSED AS WELL ................................................................................. 12

VII. CONCLUSION .................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ayala v. Destination Shuttle Services LLC*,
    2013 WL 12092284 (C.D. Cal. Nov. 1, 2013) .......................................................... 10

*Castillo v. Long Beach*,
    132 F. Supp. 3d 1194 (C.D. Cal. 2015) ............................................................. 11, 12

*Cole v. CRST, Inc.*,
    317 F.R.D. 141 (C.D. Cal. 2016) ............................................................................. 8

*Coria v. Recology*,
    63 F. Supp. 3d 1093 (N.D. Cal. 2014) ............................................................... 11, 12

*Daniels v. Recology*,
    2010 WL 5300878 (N.D. Cal. Dec. 20, 2010) .................................................. 11, 12

*Densmore v. Mission Linen Supply*,
    164 F. Supp. 3d 1180 (E.D. Cal. 2016) ......................................................... 8, 10, 11

*Firestone v. S. Cal. Gas, Co.*,
    219 F.3d 1063 (9th Cir. 2000) ........................................................................... 10, 11

*Gregory v. SCIE*,
    317 F.3d 1050 (9th Cir. 2003) ........................................................................... 11, 12

*Kobold v. Good Samaritan Regional Medical Center*,
    832 F.3d 2014 (9th Cir. 2016) ................................................................................. 8

*Livadas v. Bradshaw*,
    512 U.S. 107 (1994) ................................................................................................. 7

*Mireles v. Paragon Sys. Inc.*,
    2014 WL 4385453 (S.D. Cal. Sept. 4, 2014) ...................................................... 4, 11

*Pyara v. Sysco Corp.*,
    2016 WL 3916339 (E.D. Cal. July 20, 2016) .......................................................... 5

*Raphael v. Tesoro Ref. & Mkt Co., LLC*,
    2015 WL 3970292 (C.D. Cal. June 30, 2015) .......................................................... 10, 11

*Vasserman v. Henry Mayo Newhall Mem. Hosp.*,
    65 F. Supp. 3d 932 (C.D. Cal. 2014) ............................................................. 5, 6, 9, 10

*Zayerz v. Kiewit*,
    2018 WL 582318 (C.D. Cal. Jan. 18, 2018) .............................................................. 4, 5

**Federal Statutes**

Labor Mangement Relations Act § 301 ................................................................. *passim*

**State Statutes**

Cal. Lab. Code § 204 ............................................................................................... 13

Cal. Lab. Code § 510 ................................................................................................. 6

Cal. Lab. Code § 512(e) ................................................................................... *passim*

Cal. Lab. Code § 514 ........................................................................................ *passim*

Cal. Lab. Code § 1174(d) ........................................................................................ 13

## I.  INTRODUCTION

Plaintiff's counsel filed suit without knowing Plaintiff's employment was governed by a Collective Bargaining Agreement ("CBA"), and without considering the dispositive impact of the CBA on his meal, rest, and overtime claims. After Defendants informed Plaintiff's counsel of this fact, Plaintiff has attempted to avoid dismissal by clinging to the argument that his claims are "not based on the CBA" but on state law. This argument misses the mark because the CBA includes meal/rest break and overtime provisions, and it meets the requirements of the Labor Code §§ 512(e) and 514 meal break and overtime exemptions. Thus, Plaintiff's meal break and overtime claims are statutorily barred, as established in Defendants' Motion to Dismiss ("Motion"). The fact that Plaintiff does not refer to the CBA in his Complaint is irrelevant.

In his Opposition to the Motion ("Opposition"), Plaintiff virtually concedes that the § 514 collective bargaining exemption applies to bar his overtime claim. Plaintiff then argues that the § 512(e) commercial driver meal period exemption does not apply here because the CBA does not "expressly provide for meal periods." For the reasons discussed below, this argument strains credulity as the CBA contains an extensive meal/rest break provision that describes employees' meal breaks in detail. Plaintiff also provides no legal support for his argument. Plaintiff's Opposition also only confirms that his overtime and meal/rest break claims are preempted under the Labor Management Relations Act ("LMRA"). These claims are preempted under the LMRA because of the ambiguity in the CBA provisions, the parties' disputes regarding the meaning of the provisions, and the need to interpret the CBA.

## II.  PLAINTIFF'S OPPOSITION FAILS TO CREDIBLY CHALLENGE THE APPLICATION OF THE SECTION 512(E) MEAL PERIOD EXEMPTION, AND CONCEDES THAT THE SECTION 514 OVERTIME EXEMPTION APPLIES

### A.  Plaintiff's Only Argument on the Section 512 (e) Exemption, That the CBA Does Not "Expressly Provide for Meal Periods," Is Illogical and Must Be Rejected

Defendants' Motion establishes that the § 512(e) commercial driver exemption

1

bars Plaintiff's meal period claims. *See* Dkt # 16-1, Motion, 5:27-28 - 7:25. Plaintiff's *only* response in his Opposition is that the CBA does not "expressly provide for meal periods," because the meal period provision (Article 15) states, among other things, that the company shall permit employees to take all meal and rest breaks they are entitled to "by law." Plaintiff admits he is a "commercial driver," (Dkt # 21, Opp. at 4:27-28), admits he was covered by a CBA, and does not contest that the other requirements of § 512(e) are met.

Plaintiff's sole argument - that the CBA does not "expressly" provide for meal periods - is controverted by the CBA and Plaintiff's concessions. First, Plaintiff acknowledges that the CBA contains a five-sentence provision which specifically provides for meal and rest periods. (Opp. 5:16-22.) The provision, entitled Meal and Rest Periods (Art. 15), specifies the number of meal and rest periods employees are entitled to (that which they are entitled to by law), addresses whether the breaks are paid (*i.e.* rest breaks) or unpaid (*i.e.* meal breaks), addresses whether the drivers can leave a load unattended to take a meal or rest break (they cannot), and informs drivers who they are supposed to contact when they begin and end their meal periods (dispatch). *Id.*; Dkt. #16-1, Mtn. 3:9-13.

Although it is unclear, Plaintiff seems to be suggesting that merely because the CBA itself does not explicitly state when and how many meal breaks employees are entitled to, it does not provide for meal periods. This argument ignores the reality that bargaining parties often incorporate definitions or requirements *by reference* in CBAs. The parties here decided to incorporate the number of meal breaks from state law and then further describe the details and conditions for breaks. The commercial driver exemption in § 512(e) does not require that the CBA uses certain language or states specific items when providing for meal breaks. It also does not prohibit language that incorporates laws or definitions by reference. It only requires that the CBA "expressly provides for meal breaks." Notably, Plaintiff has not cited a *single case* to support his

2

theory that by incorporating the "by law" reference in this manner, the parties here did not expressly provide for meal periods.

For years, the break provisions in Defendant Toll's CBA have governed how drivers can take their breaks. If an employee believes the break provision has been violated, he/she has the right to file a grievance and ultimately proceed to final binding arbitration. If this were to occur, the arbitrator would have to interpret and give meaning to the CBA's meal and rest break terms. In this process, the more specific provisions regarding the details of the breaks would control over the general provision that employees are authorized to take those breaks they are entitled to "by law." To the extent there is ambiguity in this provision, the arbitrator would have to interpret the language of the CBA and resolve the ambiguities.

In support of his argument, Plaintiff also states that the CBA "does not tell the Plaintiff anything other than that he must look to state law to discover his meal and rest break rights" and "doesn't convey meal period rights." (Opp. at 6:13-14; 7:6-7.) To the contrary, the CBA tells drivers many details regarding their entitlement to breaks in addition to the reference to "by law." These details are contained in the last four sentences of the break provision and they specifically address how breaks are to be taken in the context of the drivers' employment. Plaintiffs' Opposition simply ignores this language in Article 15 and does not offer any argument as to why this provision, read as a whole, does not "expressly provide for meal periods." Next, Plaintiff argues Defendants cannot meet the requirements of the § 512(e) exemption because the CBA "does not define any type of meal or rest break." (Opp. at 6:12-13.) Again, the statute does not require the CBA to "define any type of meal break." The statute merely states the CBA must "expressly provide for" meal breaks. Nevertheless, here, the CBA *does* define the meal breaks as noted above.

Finally, Plaintiff argues that the meal period claim is not a claim "against the CBA" and "resolution of the claim" will not require "any interpretation thereof." (Opp.

3

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

7:9-10.) As noted in Defendants' Motion, Plaintiff's failure to reference the CBA in his Complaint is irrelevant. (Dkt. #16-1, Mtn. at 16:9-18.) Whether interpretation of the CBA is required is also irrelevant to the issue of whether the § 512(e) exemption applies, or whether the CBA expressly provides for meal breaks. Plaintiff's argument relates to the *preemption* issue and the second prong of the *Burnside* test. Plaintiff attempts to muddy the waters by referencing issues or standards related to the § 301 *preemption* standard in the *exemption* section of his brief. These are separate issues that should be separately analyzed.

Meanwhile, Plaintiff's Opposition fails to address the many cases cited in Defendants' Motion that establish dismissal is required. See Mtn. 7:6-25. Plaintiff makes no attempt to distinguish these cases or limit their application. In discussing *Mireles v. Paragon Sys. Inc.*, 2014 WL 4385453 (S.D. Cal. Sept. 4, 2014), Plaintiff does not address its central holding, but instead attempts to distinguish the case by arguing that, unlike the CBA in *Mireles*, the CBA here does not have meal period terms and does not provide for arbitration of meal periods. (Opp. 6:17-21.) Yet, the CBA here specifically provides for meal periods and provides for the arbitration of any disputes arising from the CBA.[1] Plaintiff also attempts to distinguish *Zayerz v. Kiewit* on the grounds that the CBA there described the meal periods in a different manner. (Opp. 6:22 - 7:5.) This difference is of no import, as bargaining parties are free to negotiate the terms of the meal break provisions and to include as much detail as they want. What *Zayerz* does makes clear is that if a meal period claim is exempted under the Labor Code, as Plaintiff's meal break claims are, the claims must be dismissed regardless of whether they are also preempted. 2018 WL 582318, at *3 (C.D. Cal. Jan. 18, 2018).

### B. Plaintiff Concedes That the Section 514 Overtime Exemption Applies, and His Citation to *Vasserman* Only Confirms That Dismissal Is Appropriate

---

[1] Article 12 of the CBA states that "should disputes arise…concerning the meaning, interpretation, application, or alleged violation by the Company or the Union of the Agreement [they] shall be resolved in accordance with the following procedure." The CBA then goes on to describe the grievance and final binding arbitration procedure. (See CBA, Dkt. 16-4, Art. 12; Mtn. 4:12-14).

Defendants' Motion also establishes that Plaintiff's overtime claim is barred under the collective bargaining exemption of Labor Code § 514. Defendants have demonstrated that (1) Plaintiff is covered by a valid CBA, and (2) the CBA expressly provides for (i) wages, hours of work, and working conditions of employees, (ii) premium wage rates for all overtime hours worked, and (iii) a regular hourly rate of pay of not less than 30% more than the state minimum wage. Mtn. at 8:3- 9:9. In his Opposition, Plaintiff does not challenge the fact that these requirements are met. Therefore, his overtime claim must be dismissed. The claim "fails as a matter of law" and "the Court need not address whether the cause of action is also preempted by the LMRA." *Pyara v. Sysco Corp.*, 2016 WL 3916339 at *3 (E.D. Cal. July 20, 2016); Mtn. at 9:10-16.

In fact, nowhere in his Opposition does Plaintiff even assert that the § 514 exemption does not apply here. (See Opp. 7:11-8:26.) Instead, he dodges the issue and cites to the *Vasserman* court's discussion of *preemption* on a motion to remand. In the process, Plaintiff attempts to mislead this Court by arguing that the *Vasserman* court found that the § 514 exemption "did not apply because no interpretation of the CBA was required to resolve [the] plaintiff's causes of action." (Opp. 7:24-26.) This statement is patently false; the *Vasserman* court stated that the exemption "may apply" and then addressed whether the plaintiff's claims were preempted. *Vasserman v. Henry Mayo Newhall Mem. Hosp.*, 65 F. Supp. 3d 932, 953 - 957 (C.D. Cal. 2014). The court made no decision regarding the application of the § 514 exemption. *Id.* In this section, Plaintiff also attempts to suggest that the § 514 exemption will apply only if the Court must analyze the CBA (Opp. 7:24-26; 8:4-6), yet § 514 contains no such requirement.

Meanwhile, Plaintiff admits and cites *Vasserman* for the principle that if the § 514 exemption *does* apply then that "would be a defense to [P]laintiff's claims and they would simply fail…." (Opp. at 8:10-11.) He also quotes *Vasserman* for the notion that "if it is ultimately determined that Section 514 applies, this will simply mean that *Vasserman* has alleged a claim under a statute she cannot invoke, and under which she is

5

unable to recover." (*Id.* at 954; Opp. at 8:9-15.) In other words, Plaintiff acknowledges that where the § 514 exemption applies, a plaintiff cannot pursue an overtime claim under § 510. Ironically, this is precisely the situation here. Defendants have established that the § 514 exemption applies, and Plaintiff's Opposition does nothing to challenge its application. Plaintiff has alleged an overtime claim under § 510, which is a statute he cannot invoke, and under which he cannot recover. Therefore, the language Plaintiff cites from *Vasserman* only further confirms that his overtime claim must be dismissed. Finally, Plaintiff does not make any attempt to distinguish the many cases cited in Defendant's Motion, which establish that where the § 514 exemption applies, statutory overtime claims such as Plaintiff's must be dismissed. Mtn. at 8:24-9:9.

In sum, the meal break and overtime exemptions in Labor Code §§ 512(e) and 514 mandate dismissal of Plaintiff's meal break and overtime claims regardless of whether these claims are also preempted under the LMRA.[2] Defendants discuss preemption below but only the dismissal of the rest break claim depends entirely on the preemption issue.

### III. PLAINTIFF DOES NOT DISPUTE THAT HIS MEAL AND REST BREAK CLAIMS ARE "SUBSTANTIALLY DEPENDENT" ON INTERPRETATION OF THE CBA UNDER THE SECOND *BURNSIDE* PRONG

Plaintiff's Opposition does not directly address the issues to be decided on his rest break claim. Plaintiff has challenged the manner in which meal and rest breaks are scheduled and provided, yet he fails to acknowledge that the CBA contains detailed negotiated provisions regarding the nature of employee meal and rest breaks. Defendants' Motion demonstrates how these provisions are "inextricably intertwined" with Plaintiff's meal and rest break claims, but Plaintiff fails to address this issue in his Opposition. Plaintiff's silence can only be construed as a concession that his meal and rest break claims are preempted under § 301 of the LMRA (and the second *Burnside*

---

[2] Plaintiff is the only class representative in this case, and his claims are at issue in the Motion to Dismiss. Because he has no statutory overtime or meal break claims, those claims must be dismissed regardless of the fact that he may seek to represent some non-exempt employees who are not covered by the CBA.

6

prong) and are therefore subject to dismissal.

Since the CBA makes a specific and unique provision for meal and rest breaks for drivers, and the parties dispute the meaning of the provision, the CBA would have to be interpreted to determine if Defendants met their obligation with regard to breaks. First, the penultimate sentence ("Employees may not leave a load unattended to take a meal or rest break") will require interpretation as to (1) what a "load" is, (2) what it means to "leave" a load, and (3) what "unattended" means. Plaintiff claims Defendant Toll did not implement a system that allowed employees to receive their meal and rest breaks within the required time frame. Plaintiff will likely argue that this sentence regarding leaving a load supports his claim that employees were not provided meal or rest breaks. Meanwhile, Defendant Toll maintains that drivers had ample opportunity to take breaks. Some of these breaks were taken when employees did not have loads, and the parties specifically negotiated the above CBA language that modifies state law regarding breaks to account for the fact that on some breaks employees may need to attend to a load on their truck. In other words, Plaintiff's union bargained away certain protections under state law (such as the entitlement to always receive duty-free rest breaks), which triggers § 301 preemption. See *Livadas v. Bradshaw*, 512 U.S. 107, 124-125 (1994).[3] Thus, the sentence instructing employees not to leave a load unattended will be important in deciding this claim. There is ambiguity built into this sentence and the parties dispute its meaning.

Plaintiff does acknowledge in his Opposition that the CBA's language regarding employees being allowed to take the breaks they are entitled to "by law" does not even define which law applies. (Opp. 5:15.) Therefore, the Court would need to interpret this language and determine how it relates to the other more detailed provisions regarding leaving a load unattended. Defendants' position is that the "by law" language refers to the number of breaks employees are entitled to, and the rest of the CBA describes in

---

[3] *Livadas* recognizes that unions can bargain away certain protections under state law, and when they do, it triggers preemption under § 301. *Id.*

more detail how the rest breaks can be taken.

In order to decide Plaintiff's rest break claim, the interplay of the general and specific terms in the CBA would have to be decided. In addition, the scope and meaning of a CBA is "not limited to the text of the agreement." *Kobold v. Good Samaritan Regional Medical Center*, 832 F.3d 1024, 1046 (9th Cir. 2016). Rather, arbitrators are "expected" to "range afield of the actual text" and to consider the "practices of the industry and the shop." *Id.* This means that any interpretation of the break provision would also have to consider what the past practice has been with regard to breaks.

The only section of Plaintiff's Opposition that even mentions rest breaks and preemption, found at p. 9: 9-10:7, does not even discuss rest breaks or his rest break claim. Instead, it only discusses meal breaks. Plaintiff cites *Densmore v. Mission Linen Supply* for the principle that the first prong of *Burnside* does not apply to rest break claims. (Opp. 10:1-7.) However, in *Densmore*, unlike here, the CBA did "not mention rest periods" and no interpretation of the CBA was required. 164 F. Supp. 3d 1180, 1195 (E.D. Cal. 2016). Finally, Plaintiff does not attempt to distinguish the case law cited in Defendants' Motion, which found rest break claims to be preempted where there was a dispute between the parties as to the rest break provision of the CBA. Mtn. at 13:24-14:5.

## IV. PLAINTIFFS' ARGUMENT THAT OVERTIME AND MEAL BREAK RIGHTS ARE NON-NEGOTIABLE IGNORES THE APPLICABLE §§ 512 (E) AND 514 EXEMPTIONS AND CONTROLLING LEGAL AUTHORITY, AND DOES NOT ANSWER THE PREEMPTION ISSUE

While the Court need not reach the preemption issue to dismiss Plaintiff's overtime and meal break claims, these claims are also preempted under the LMRA. First, Defendants must address several misstatements and omissions in Plaintiff's Opposition as they relate to preemption.[4] Plaintiff's argument that overtime and meal/rest period claims are categorically immune from preemption ignores the large body of authority repeatedly holding such claims preempted where they are covered by the above-discussed

---

[4] Plaintiff's citation to *Vasserman*, 8 Cal. App. 5th 236, 245, at Opp. 12:25-27, should also be disregarded because this decision did not involve Section 301 preemption but rather the requirements for a CBA to effectuate a waiver of a judicial forum for claims that are not preempted.

8

exemptions or require analysis/interpretation of the governing CBAs to decide the claims or to decide whether the exemptions apply. See Dkt. #16-1, Mtn. at 13:24-14:5, and 15:1-19. Plaintiff ignores the reality that meal period and overtime rights for unionized commercial drivers are *explicitly made negotiable* by Labor Code §§ 512(e) and 514. As to meal periods, since 2011 when the § 512(e) commercial driver exemption was implemented, the California Labor Code *expressly authorizes* employers of commercial drivers to negotiate meal period rights that are not co-extensive with statutory rights afforded to other employees. Lab. Code § 512(e).[5] Now that § 512(e) gives an employer the authority to negotiate meal periods with the union, the meal period rights of commercial drivers *can be* governed by their CBA. In fact, as long as the requirements of § 512(e) are met, the CBA and not the Labor Code govern the employees' meal period rights.

Plaintiff cites *Vasserman* extensively in his Opposition. However, *Vasserman* only confirms that if there is a dispute between the parties as to the applicability of an overtime exemption such as §514 *and* if the CBA provision must be interpreted to determine the applicability of the exemption, then the plaintiff's overtime claim is preempted. *Vasserman,* 65 F. Supp. 3d at 956-958. *Vasserman* noted that when this occurs, the situation is more like *Firestone*, where preemption was found. *Id.* In *Firestone v. S. Cal. Gas, Co.,* 219 F.3d 1063 (9th Cir. 2000), the plaintiff argued that employees were not receiving a premium wage for overtime and thus the § 514 exemption did not apply. Because the CBA had to be interpreted to decide this disputed issue, the claims were preempted. *Id.* at 1066.

The same situation applies here, except Plaintiff is arguing that the "expressly provides for meal periods" requirement in § 512(e) is not met. To Defendants, it is

---

[5] The proposition that Plaintiff purports to derive from *Vasserman* and *Valles v. Ivy Hill* (Opp. at 9:12-10:7) – that meal period claims are based on rights conferred by the Labor Code and are non-negotiable – is misplaced, as these cases either do not involve the application of the § 512(e) exemption (*Vasserman* and *Valles*) or predate the exemption (*Valles*). *Valles* and *Vasserman* thus had no occasion to consider § 512(e)'s effect on preemption under § 301.

1  obvious that the CBA expressly provides for meal periods. However, to the extent
2  Plaintiff argues that it does not, the Court could be required to interpret the language of
3  the CBA to determine the applicability of the §512(e) exemption. Thus, the impact of
4  Plaintiff's argument that the statutory exemption in § 512(e) does not apply "is that it
5  introduces a clear dispute between the parties as to the interpretation and application of
6  the CBAs'… provisions." *Raphael v. Tesoro Ref. & Mkt Co., LLC*, 2015 WL 3970292, at
7  *6 (C.D. Cal. June 30, 2015). [6]

8        Again, Plaintiff does not attempt to distinguish or address the cases establishing
9  LMRA preemption when the CBA must be interpreted to determine whether § 512(e)
10 applies. Mtn. 14:22-15:19. Plaintiff also cites *Densmore v. Mission Linen Supply* for the
11 principle that the first prong of *Burnside* does not apply to preempt meal break claims.
12 (Opp. 10:1-7.)  Yet, in *Densmore*, neither party claimed any dispute with respect to the
13 CBA provisions, such that would require the court to interpret its terms. While in
14 *Densmore* the employer did not "point out any specific provisions in the CBAs that are
15 subject to dispute," Defendants here have pointed out many. 164 F. Supp. 3d at 1194.
16 Thus, the instant case is more like *Buck*, *Raphael*, and *Firestone* (also discussed in
17 *Densmore*) where the CBAs required interpretation and the meal break or overtime
18 claims were preempted under the second *Burnside* prong. *Id.*

19 **V.   PLAINTIFF'S ARGUMENT THAT OVERTIME CLAIMS ARE NOT PREEMPTED BY SECTION 301 BECAUSE THERE IS NO DISPUTE**
20 **REGARDING THE CBA LACKS MERIT**

21       As with meal period rights for commercial drivers, overtime rights can be

---

[6] *Ayala v. Destination Shuttle Services LLC*, 2013 WL 12092284 (C.D. Cal. Nov. 1, 2013) (cited at p. 15:2-5 of Motion) is particularly instructive here.  In that case, the break language in the CBA stated that management had the right to determine "work and rest schedules, including…break and lunch times." *Id*. at *4. The court found that although the CBA did not provide for specific, pre-set meal period times, the determination of whether the provisions outlined in the CBA satisfy the "expressly provides for meal periods" requirement would require analysis and interpretation of the CBAs. *Id*. at *3. The court also found that the plaintiff's assertion that the 512(e) exemption is not met because the CBAs are "irrefutably devoid of any express provision for meal periods" was "premature and conclusory," because the court needed to analyze the CBAs to determine whether the CBA expressly provided for meal breaks. *Id*. at *4.

10

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

negotiated as part of a CBA. For any employee covered by the § 514 collective bargaining exemption, their rights to overtime are covered by the CBA. (Mtn. at 8:14-22.) Some courts have held that the § 514 exemption alone is enough to inject a federal question into this action under the first *Burnside* prong. *See Coria v. Recology* and *Mireles v. Paragon.* However, even under the second *Burnside* prong, Plaintiff's overtime claims are preempted. *See* Mtn. 15:20-16:7. On the preemption question, Plaintiff cites several cases that he admits did not involve a challenge to the method of overtime calculation. Opp. at 10:15-12:10.[7] Plaintiff then concludes that because his claim also "has nothing to do with the method of overtime calculations" (Opp. at 12:5-7), these cases are on point and dictate the same result. The problem with this argument is that Plaintiff *does* directly challenge Defendants' method of overtime calculation. Paragraph 36 of his Complaint alleges, "Defendants have intentionally excluded remuneration that must be included in all employees' regular rate of pay in order to avoid payment of overtime wages…." (Dkt. #1, Exh. A, Compl. ¶36). Plaintiff is specifically alleging that Defendants paid overtime at the wrong rate, and because the CBA contains language regarding how the overtime rate is calculated and what wages are included when calculating overtime, the CBA must be interpreted to decide Plaintiff's overtime claim. This critical distinction renders the *Gregory, Daniels*, and *Castillo* cases, cited by Plaintiff, inapplicable. In addition, the Ninth Circuit in *Gregory* was not presented with any provisions of the CBA which needed to be interpreted or referred to in order to decide the application of the overtime or meal break exemptions. *Gregory*, 317 F.3d at 1053. *Daniels*, cited by Plaintiff at Opp. 11:3-13, is similarly inapposite because the carve out exemptions of §§ 512(e) and 514 were not at issue. Mtn. 9:23-24.

Defendants, meanwhile, contend that this case is similar to *Coria v. Recology*, 63 F. Supp. 3d 1093, 1099 (N.D. Cal. 2014), where the plaintiff alleged overtime based on

---

[7] Plaintiff notes that *Gregory v. SCIE*, 317 F.3d 1050 (9th Cir. 2003) "involves no issue concerning the method of calculation," that in *Daniels v. Recology*, 2010 WL 5300878 (N.D. Cal. Dec. 20, 2010) the plaintiff did not dispute the rate he was being paid, and that in *Castillo v. Long Beach*, 132 F. Supp. 3d 1194 (C.D. Cal. 2015) the parties' dispute did not concern *how* premium wages were calculated.

11

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(B)(6)

work through meal and rest periods, and the court found that the plaintiff's overtime claim was preempted because it required interpretation of the break provision in the CBA. Here, Plaintiff similarly claims he is entitled to unpaid overtime as a result of "Defendants' policy of having [employees] work through meal and or rest periods." Mtn. at 15:25-27. Because Plaintiff alleges overtime based on work through meal and rest periods, the overtime claim is preempted where it necessarily requires interpretation of the break provision. (Mtn. 15:22-17:7) Again, Plaintiff does not address this issue or the *Coria* decision in his Opposition.

## VI. PLAINTIFF DOES NOT DISPUTE THAT IF HIS UNDERLYING CLAIMS ARE DISMISSED, THEN HIS DERIVATIVE CLAIMS MUST BE DISMISSED AS WELL

In his Opposition, Plaintiff does not dispute that if the overtime and meal/rest break claims are dismissed, then his other derivative claims in the Fourth through Seventh Causes of Action should also be dismissed. Mtn. at 18:1-20. Nor does he contest that if his wage statement cause of action is based on meal or rest break premiums alone, then it must be dismissed. Mtn. at 18:21-20:3. Finally, Plaintiff does not dispute that his Fourth Cause of Action under Labor Code § 204 should be dismissed, as should his claim under Labor Code § 1174 (d), because neither has a private right of action.

## VII. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss.

DATED: June 11, 2018　　　　　　　SEYFARTH SHAW LLP

By: */s/ Eric E. Hill*
William J. Dritsas
Eric E. Hill
Attorneys for Defendants

46771582v.1

12

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)