**O**

**JS-6**

# United States District Court
# Central District of California

CARLOS MARQUEZ, an individual, and on behalf of all others similarly situated,

        Plaintiff,

 v.

TOLL GLOBAL FORWARDING (USA) INC., a New York corporation; TGF MANAGEMENT GROUP HOLDCO, INC., a New Jersey corporation; INSPERITY EXPENSE MANAGEMENT, INC., a Texas corporation; and DOES 1 through 50, inclusive,

        Defendants.

Case No. 2:18-cv-03054-ODW (ASx)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [16]**

## I.  INTRODUCTION

Plaintiff Carlos Marquez brought this putative class action against Toll Global Forwarding (USA), Inc. ("Toll"), TGF Management Group Holdco, Inc. ("TGF"), and Insperity Expense Management, Inc. ("Insperity") (collectively "Defendants"). Plaintiff filed his Complaint on February 13, 2018 in Los Angeles Superior Court alleging seven causes of action: (1) Recovery of Unpaid Minimum Wage and Overtime; (2) Meal Period Violations; (3) Rest Period Violations; (4) Unpaid Wages During Employment; (5) Failure to Pay Wages Due at Separation of Employment; (6) Failure

to Issue Accurate Itemized Wage Statements; and (7) Unfair Business Practices. (Compl., ECF No. 1-1.) On April 11, 2018, TGF and Insperity removed the case to federal court. On May 18, 2018, Defendants moved to dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 12(b)(6). (Mot., ECF No. 16.) For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss. [1]

## II.    BACKGROUND

Plaintiff was formerly employed by TGF as a driver at TGF's San Pedro location. (Mot. 1.) Plaintiff brought a class action against Defendants on behalf of himself and the class he seeks to represent (collectively "Plaintiff Class"). Plaintiff Class consists of all non-exempt, hourly-paid employees currently and/or formerly employed by Defendants during a period beginning four years prior to the filing of the complaint and running through the date of final judgment in this case. (Compl. ¶ 1.)

Plaintiff alleges that Defendants employed Plaintiff Class during the relevant period. (*Id.* ¶¶ 10–12.) Plaintiff alleges that during that period, Defendants failed to pay those persons for all hours worked, including minimum wage and overtime premiums, failed to provide meal and rest periods or pay penalties in lieu thereof, and failed to pay wages upon ending of employment. (*Id.*) Additionally, Plaintiff alleges violations relating to failure to pay timely wages, failure to keep accurate wage statements, and unfair business practices on the part of Defendants. (*Id.* ¶¶ 54–80.) Plaintiff also alleges that each Defendant was the "employer, owner, shareholder . . . and/or alter ego of the remaining Defendants, and was acting . . . with the express and implied permission, consent, and knowledge . . . of the other Defendants." (*Id.* ¶ 15.) Furthermore, Plaintiff alleges that the Defendants approved and authorized all unlawful acts described in the Complaint. (*Id.*)

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Defendants claim that at all relevant times Plaintiff worked for TGF, he was represented by the International Brotherhood of Teamsters Local 848 ("IBT"), and the terms and conditions of his employment were governed by a valid collective bargaining agreement ("CBA") between IBT and TGF. (Mot. 1.)

## III.  LEGAL STANDARD

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Determining whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court must dismiss a complaint that does not assert, or fails to plead sufficient facts to support, a cognizable legal theory. Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## IV.  DISCUSSION

### a. Requests for Judicial Notice

The Court first addresses Defendants' requests for judicial notice. (Req. Judicial Notice ("RJN"), ECF No. 16-4.) While a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a court may consider any documents referenced in the complaint, and may take judicial notice of matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee*, 250 F.3d at 688–89.

1    Defendants request the Court take judicial notice of two CBAs between
2 Defendants and the IBT, covering the relevant time period.[2] (RJN Exs. 1, 2, ECF No.
3 16.)  For the following reasons, the Court **GRANTS** Defendants requests for judicial
4 notice.

5    Defendants argue that Plaintiff's claims are completely preempted under the
6 Labor Management Relations Act ("LMRA").  When complete preemption is at issue,
7 courts may look beyond the face of the complaint, "[b]ecause complete preemption
8 often applies to complaints drawn to evade federal jurisdiction."  *Hall v. Live Nation*
9 *Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1192–93 (citing *Parrino v. FFIP, Inc.*, 146 F.3d
10 699, 704 (9th Cir. 1998)).[3]  "This is true even when the issue is raised by a Rule 12(b)(6)
11 motion."  *Id* at 1193.  The *Hall* court further held: "Because the . . . CBA forms the
12 basis for [defendant's] argument that certain of plaintiff's claims are completely
13 preempted by the LMRA, the court can consider it in deciding the motions."  *Id.*
14 Additionally Plaintiff does not dispute at any point the authenticity of the CBAs, or that
15 they applied to him during his employment.  The CBAs are also properly considered
16 not to be in reasonable dispute under Federal Rule of Evidence 201(b) because they
17 "can be accurately and readily determined from sources whose accuracy cannot
18 reasonably be questioned," Fed. R. Evid. 201(b).  Therefore, the Court **GRANTS**
19 Defendants' request for judicial notice of the CBAs.
20 ///
21 ///
22

23 [2]. The current CBA between TGF and the IBT was signed in June, 2016, and is effective beginning
    January 1, 2016 through March 31, 2021. (RJN Ex. 1.)  The previous CBA was signed March 5, 2013,
24  and was effective from January 1, 2013 through December 31, 2015. (RJN Ex. 2.)  For the purposes
    of this Court's analysis these two CBAs are identical, with only minor differences existing between
25  the relevant provisions (different hourly wages, a slightly different timeline for the
26  grievance/arbitration provision, and the earlier CBA makes reference to a different incentive payment
    and bonus). (RJN Exs. 1, 2, Articles 12, 15, 31.)  The citations to specific articles throughout this
27  Order correspond to the more recent CBA, RJN Ex. 1.

28 [3] *Parrino* was superseded by statute on grounds unrelated to judicial notice, as stated in *Abrego*
    *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

4

**b. Failure to State a Claim**

At no point does Plaintiff dispute the fact that the CBAs in question apply to him, or governed the terms and conditions of his employment by Defendants. Because Plaintiff's Opposition skips right to arguing about the terms of the CBAs, and describing the meal and rest periods described therein as "Plaintiff's meal and rest periods," this Court assumes that Plaintiff admits that he was covered by the CBAs. (Plaintiff's Opp'n to Defendants' Mot. To Diss ("Opp'n") 5, ECF No. 21.)

**1. Plaintiff's First Cause of Action: Failure to Pay All Wages (Overtime)**

Plaintiff alleges that Plaintiff Class worked hours in excess of eight hours per day and forty hours per week, for which they were not paid the overtime guaranteed under the Cal. Labor Code. (Compl. ¶¶ 35–36.) Overtime provisions are covered in Section 510 of the Cal. Labor Code. However, Section 514 of the Cal. Labor Code states that the statutory overtime provisions of § 510 do not apply to an employee who is covered by a valid CBA which expressly provides for the (1) wages, (2) hours of work, (3) working conditions, (4) premium wage rates for all overtime hours, and (5) regular hourly wage, not less than 30% greater than the state minimum wage. Cal. Labor Code § 514. The CBAs expressly provide for each of these in the following articles: wages (Art. 31), hours (Art. 23), working conditions (Arts. 17, 18), premium wages (Art. 23), and regular wage great than minimum (Art. 31). (RJN Ex. 1.)[4] The Court finds that all requirements of § 514 are met, and Plaintiff's overtime claim is statutorily barred. *See Mireles v. Paragon Sys., Inc.*, No. 13cv122 L(BGS), 2014 WL 4385453, at \*5 (S. D. Cal. Sept. 4, 2014). Therefore, Plaintiff's first cause of action must be **DISMISSED WITH PREJUDICE**.

---

[4] At the relevant time the California state minimum wage was between $9.00 and $10.50. Cal. Labor Code § 1182.12. The CBAs set wages which increased from $20.75 in 2016 to $23.00 in April of 2018. (RJN Exs. 1, 2.)

### 2. Plaintiff's Second and Third Causes of Action: Meal and Rest Break Violations

Section 301 of the LMRA provides federal jurisdiction of "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). The LMRA has been broadly construed to cover state-law actions that require interpretations of labor agreements. If the Plaintiff's claim cannot be resolved without interpreting the applicable CBA, it is preempted. *Allis Chambers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (holding when a state law claim is "substantially dependent" on analysis of an agreement between parties in a labor contract, the claim must be treated as a § 301 claim, or preempted by federal labor law, and therefore dismissed for failing to exhaust the grievance procedure in the CBA), *see also Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("The preemptive force of section 301 is so powerful as to displace . . . any state claim whose outcome depends on analysis of the terms of the [CBA]."); *Raphael v. Tesoro Ref. & Mktg. Co., LLC*, No. 2:15-cv-02862-ODW(Ex), 2015 WL 3970293, *3 (C.D. Cal. June 30, 2015) ("A state law claim will be preempted if it is so 'inextricably intertwined with the terms of a labor contract that its resolution will require judicial interpretation of those terms.") (citations omitted).

The Ninth Circuit has articulated a two-part test to determine whether a cause of action is preempted by the LMRA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). Under the first *Burnside* prong, the court must determine whether the right at the heart of the claim arises under state law, or is instead grounded in a CBA. *Id.* at 1060. If the claim is grounded only on rights created by the CBA, it is preempted by § 301 and the analysis ends there. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016) (citation omitted). If however the right exists separately from the CBA, we proceed to the second prong. *Id.* at 1032. Under the second prong, a claim can be preempted if it involves a "state law right that is 'substantially dependent' on analysis of [the CBA]." *Id.* at 1033 (citation omitted). If the claim can be resolved just by looking to the CBA it is not preempted, but if the CBA must be interpreted, the claim is preempted. *Id.* (citation omitted). Interpreting the CBA means more than

merely looking to and applying its terms. *See Balcorta v. Twentieth Century-Fox Film Corp.* 208 F.3d 1102, 1008 (9th Cir. 2000) ("[I]n the context of § 301 complete preemption, the term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'"). If a claim is preempted by the LMRA it can be dismissed if the claimant failed to plead exhaustion of the grievance procedures set forth in the CBA. *Buck v. Chemex Inc.*, No. 1:13-cv-00701-LJO-MSJ, 2014 WL 5430422, at *4 (E.D. Cal. Oct. 24, 2014).

Plaintiff is correct that the meal and rest break claims to do not fail under the first prong of the *Burnside* test because the rights to meal and rest breaks are provided under California law, not the CBA. (Opp'n. 9.) However, these claims fail under the second *Burnside* prong, because they require interpretation of the CBA. The meal and rest break provision of the CBA "permits" employees to take "any and all meal and rest periods that the Employee is entitled to by law." (RJN Ex. 1.) As Defendants point out, the CBA does not obligate the employer to provide breaks, and it is not entirely clear what it means to "permit" an employee to take a break. Furthermore, Plaintiff alleges Defendants scheduled employees in a way that failed to reasonably ensure they could take meal breaks, and failed to implement a relief system so that they could take rest breaks. (Compl. ¶¶ 41, 44, 50.) Therefore, adjudication of these claims will require analysis of Defendants' scheduling policies, combined with analysis of what it means under the CBA to "permit" an employee to take a break. Namely the question will hinge on how exactly defendants' policies prevented employees from taking the breaks they were permitted. Additionally, the same provision of the CBA provides: "Employees may not leave a load unattended to take a meal or rest break." (RJN Ex. 1.) Defendants argue that deciding Plaintiff's claims will require interpretation of what a "load" is, what it means to "leave a load," and what "unattended" means. (Mot. 12.) In both instances, addressing the issue will require more than merely applying the terms of the CBA. It will require interpretation, and the parties will likely dispute the meaning of these terms.

Because Plaintiff's meal and rest break claims require analysis of the CBA, they are preempted under § 301 of the LMRA.  Additionally Plaintiff has not pleaded that he has exhausted the grievance procedures stipulated by the CBA.  Plaintiff does not assert that he made any attempt to exhaust the grievance or arbitration procedures in the CBA.  Instead, he argues that he was not required to exhaust such claims, because his claims do not require interpretation of the CBA.  (Opp'n 12–13.)  As explained above, the Court disagrees with Plaintiff on this point and finds that he was required to exhaust the grievance procedures under the CBA.  Therefore, the Court finds that granting Plaintiff leave to amend to plead exhaustion would be futile and **DISMISSES WITH PREJUDICE** Plaintiff's second and third causes of action.  *See Buck*, 2014 WL 5430422 at *4.

### 3. Plaintiff's Fourth Cause of Action: Failure to Pay Timely Wages During Employment

Plaintiff's fourth cause of action must be dismissed because it is based on Cal. Labor Code § 204, which contains no private right of action.

> Adoption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute.  Such a private right exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages.

*Vikco Ins. Services, Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62–63 (1999). *See also Jeske v. Maxim Healthcare Servs., Inc.*, No. CV F 11-1838 LJO JLT, 2012 WL 78242 at *4–5 (E.D. Cal. Jan. 10, 2012) (holding that § 204 does not create a private right of action).  The remedy for violations of § 204 is stated in § 210(b), which grants the state labor commissioner, not individual plaintiffs, the ability to seek remedies.  Cal. Labor Code § 210(b).  Therefore Plaintiff's fourth cause of action is not based on a cognizable legal theory, and the Court **DISMISSES** it **WITH PREJUDICE**.

### 4. Plaintiff's Fifth, Sixth, and Seventh Causes of Action: Failure to Pay Wages of Terminated or Resigned Employees, Failure to Keep Accurate Payroll Records, Unfair Competition

Plaintiff's remaining three causes of action must be dismissed because they are derivative of his overtime, and meal and rest break violation claims. In his fifth cause of action, Plaintiff alleges that Defendants did not compensate the Plaintiff Class wages owed "as a result of . . . being required to work off the clock, as well as pay overtime. . . ." (Compl. ¶ 60.) This claim is clearly derivative of Plaintiff's first cause of action. In his Sixth cause of action, Plaintiff alleges that "Defendants' records do not accurately reflect where [Plaintiff Class] worked during their meal and/or rest breaks." (Compl. ¶ 64.) This claim is clearly derivative of Plaintiff's second and third causes of action. Finally in his seventh cause of action, Plaintiff alleges that "Among other things, the acts and practices (of Defendants') have forced [Plaintiff Class] to labor for many hours in a row without receiving the meal and rest periods and overtime compensation to which they are entitled by law." (Compl. ¶ 73.) Plaintiff provides no factual allegations related to the "other things" that could form the basis for his claim, therefore he has not stated a claim for this cause of action that is not derivative of his overtime and meal and rest break claims. As Plaintiff's first three causes of action are preempted or statutorily barred, the Court **DIMISSES WITH PREJUDICE** Plaintiff's Fifth, Sixth, and Seventh causes of Action.

///
///
///
///
///
///
///
///
///

## V.    CONCLUSION

For the reasons stated above, Defendants' Motion is **GRANTED** (ECF No. 16), and Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

June 28 , 2018

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**